PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. JUAN BAUTISTA NIEVES, Defendant and Appellant.

No. 3345.   Argued January 20, 1928.—Decided January 24, 1928.

*Guillermo Pierluisi* and *R. Atiles Moreu* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this case the appellant was charged in the information with carrying a firearm with which bodily injury could be caused. On being arraigned in the trial court the defendant moved the court to order that the information be made more specific, but his motion was denied and he now alleges on appeal from the judgment of conviction for the said offense that the ruling on his motion was erroneous.

In *People* v. *Velasco,* 36 P.R.R. 244, we said that as the information charged the defendant with carrying a firearm, it is elementary law that informal or imperfect allegations of essential facts in an information should be taken advantage of by motion to quash, or by demurrer, and are waived by pleading to the merits or by going to trial, and that in the absence of timely objection in the court below we are constrained to hold that the information states an offense. In *People* v. *Jiménez, ante,* page 456, the information charged

the accused with carrying a firearm, an instrument capable of producing bodily harm. The district court set aside an order of arrest and for appearance of the sureties for forfeiture of their bond and then proceeded to arraign the defendant. He pleaded not guilty and the court announced that the case would be set for trial. This court said that at that moment the defendant either overlooked or deliberately ignored an excellent opportunity to raise any question as to formal defects in the information, or at least to give notice of his intention to raise such question and move that the case should not be set for trial until that preliminary question had been decided. On the day set and at the commencement of the trial the defendant announced that he had to present a demurrer to the information on the ground that the facts alleged therein did not show an offense. The demurrer vas overruled, but for the reasons set forth in the *Velasco Case, supra,* and in *People* v. *Paris,* 25 P.R.R. 103, and *People* v. *Piris,* 36 P.R.R. 446, this court refused to reverse the judgment because the demurrer had not been pleaded opportunely.

The present case is distinguished from those cited in that the appellant moved that the information be made more specific on being arraigned and not at the trial; therefore his motion was made in time and he has a right that the information be made to express the kind of firearm that he was carrying. The judgment appealed from is reversed and the case will be remanded for further proceedings.